IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUGO SANCHEZ,<br>  #45644-177,<br>         MOVANT, | § § § § | |
| v. | § § § | CIVIL CASE NO. 3:19-CV-2226-N-BK<br>(CRIMINAL CASE NO. 3:12-CR-438-N-BK-2) |
| UNITED STATES OF AMERICA,<br>         RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Hugo Sanchez' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I.     BACKGROUND**

In 2014, Sanchez pled guilty to possession of a firearm after having been convicted of a felony, using and carrying a firearm during and in relation to a drug trafficking offense, conspiring to commit a drug trafficking offense, and possession of heroin, cocaine, and methamphetamine with intent to distribute. Crim. Doc. 134. He was sentenced to an aggregate term of 360 months' imprisonment. Crim. Doc. 134. Sanchez's direct appeal was dismissed

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

based on the Government's motion to enforce the appellate waiver. *United States v. Sanchez*, No. 14-10943 (5th Cir. Mar. 16, 2015); Crim. Doc. 151. More than four years after the dismissal, on September 17, 2019, Sanchez filed this Section 2255 motion, alleging ineffective assistance of counsel during the guilty-plea and sentencing proceedings. Doc. 1; Doc. 2.

Because Sanchez's motion appears untimely, the Court directed him to respond regarding the application of the one-year limitations period in this case. Doc. 5. As of the date of this recommendation, however, he has failed to respond to the Court's order. That notwithstanding, a review of his Section 2255 motion reveals it is barred by the applicable statute of limitations.

## II.   ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Sanchez does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final. *See* Section 2255(f)(1).

Here, Sanchez's direct appeal was dismissed on March 16, 2015, *see* Crim. Doc. 151, and Sanchez did not file a petition for a writ of certiorari. His judgment of conviction became final on Sunday June 14, 2015—extended to Monday June 15, 2015, *see* FED. R. CIV. P. 6(a)—when the time to file a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Thus, the one-year limitations period provided by Section 2255(f)(1) expired on June 14, 2016, and Sanchez's Section 2255 motion—deemed filed on August 27, 2019—is time-

barred absent equitable tolling.[2]

In an attempt to excuse his dilatory conduct, Sanchez asserts that he (1) was transferred to state custody to serve a five-year sentence shortly after his federal sentencing, and (2) could not file a Section 2255 motion because "28 U.S.C. § 2255 mandates that a person be 'in federal custody' when he files a collateral appeal in federal court." Doc. 2 at 3, 8. Consequently, Sanchez argues that the one-year limitations period should not start running until June 2017 when he was transferred from state to federal custody. Doc. 2 at 8.

Sanchez is mistaken. It is well established "that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971). There is "no reason to restrict section 2255 to prisoners actually in federal custody." *Id.* Consequently, Sanchez's "prior state custody has no effect on the commencement date of the federal statute of limitations." *United States v. Tamfu*, 3:01-CV-1719-P, 2002 WL 31452410, at *6 (N.D. Tex. Oct. 5, 2002); *Lewis v. United States*, 3:18-CV-965-N-BT, 2019 WL 2166758, at *2 (N.D. Tex. Apr. 19, 2019), *R. & R. adopted*, 2019 WL 2161669 (N.D. Tex. May 17, 2019) (rejecting assertion that a § 2255 motion may only be filed when a prisoner is "in custody" under the federal sentence he wishes to attack). Moreover, Sanchez does not provide any reasons why he could not have submitted a Section 2255 motion while in state custody.

### B. Equitable Tolling

Sanchez's filings, even when liberally construed in accordance with his *pro se* status, do

---

[2] The Section 2255 is deemed filed on August 27, 2019, the date on which Sanchez signed it and likely also handed it to prison officials for mailing. Doc. 1 at 10. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted); *Menominee Indian Tribe of Wis. v. United States*, — U.S. —, 136 S. Ct. 750, 756 (2016) (reaffirming "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original). However, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 Fed. Appx. 539, 541 (5th Cir. 2010) (per curiam) (internal citations and quotation marks omitted).

Moreover, equitable tolling requires a litigant to pursue his rights with "reasonable diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 Fed. Appx. 856, 861 (5th Cir. 2010) (quoted case omitted). And unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Sanchez's arguments in favor of equitable tolling are unpersuasive. First, Sanchez did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He

waited more than three years from the date his conviction became final to mail his Section 2255 motion. And Sanchez does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights.

Sanchez contends that he wrote his attorney "several times" on unspecified dates "inquiring about appeals and the time he was given in federal custody" but received "no response." Doc. 2 at 3; *see also* Doc. 2 at 8 (restating he sent counsel "several letters all detailing his concerns about his case … the sentence he was expecting and inquir[ing] about appeal rights"). Counsel's purported failure to respond does not constitute the kind of egregious behavior that excuses Sanchez's failure to timely assert his rights. Equitable tolling applies principally where a petitioner is <u>actively</u> misled by his attorney or someone else. *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 Fed. Appx. 886, 892 (5th Cir. 2010). *See also United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (holding "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.")

Additionally, extended periods of inactivity clearly indicate a lack of due diligence, and unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher*, 174 F.3d at 715 (concluding "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)). Further, neither Sanchez's *pro se* status nor his unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See Petty*, 530 F.3d at 365-66. Based on the above, the Court cannot find that extraordinary circumstances prevented Sanchez from timely filing his Section 2255 motion.

Accordingly, the Court concludes that Sanchez has plainly failed to carry his burden of

establishing that equitable tolling is warranted in this case. *Petty*, 530 F.3d 361, 365 (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III.   CONCLUSION

For the foregoing reasons, the motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on August 3, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).